OPINION TO THE GOVERNOR.

MAY 9, 1961.

OPINION TO GOVERNOR, provided in accordance with §2, art. XII of amendments to state constitution, in answer to a question as to requirements of state constitution with respect to vote of general assembly on senate bill proposing refund of certain license fees. Request answered as set forth in opinion following.

May 9, 1961

To His Excellency, John A. Notte, Jr.
    Governor of the State of Rhode Island
        and Providence Plantations

We have received from Your Excellency a request for our written opinion, in accordance with the provisions of section 2 of article XII of amendments to the state constitution, upon the following question:

"Are Sections 2, 3 and 4 of S.342 an appropriation of 'public money or property for . . . private purposes' so as to require 'the assent of two-thirds of the members elected to each house' under section 14 of article 4 of the Rhode Island Constitution?"

The above-mentioned sections of S.342 read as follows:

"Sec. 2. Forthwith upon passage of this act, the registry shall refund to each person who, since July 1, 1960, has been issued an operator's first license or a chauffeur's first license or a renewal of an operator's or a chauffeur's license, the amount by which the fee paid by such person exceeded the fee provided in section 1 hereinabove.

"Sec. 3. The registry shall make payment of the refund provided in section 2 herein by check issued by the general treasurer in accordance with section 35-4-8 of the general laws, and mailed to the person at the address listed on the records of the registry.

"When any such check has been listed by the general treasurer as outstanding and unpaid for three (3) months from the date of issue, the general treasurer shall notify the depository upon which the check is drawn to stop payment on same, and the amount shall be recovered into the general treasury as a miscellaneous receipt.

"Sec. 4. To provide the money necessary to carry out the provisions of this act, the sum of eight hundred forty thousand dollars ($840,000.) is hereby appropriated out of any money in the treasury not otherwise appropriated; and the state controller is hereby authorized and directed to draw his orders upon the general treasurer for the payment of such sum, or so much thereof as may be required, upon receipt by him of a proper voucher."

S.342 is a pending senate bill which proposes to amend P. L. 1960, chap. 63. Chapter 63 became effective July 1, 1960 and amended G. L. 1956, §§31-10-30 and 31, by increasing the fees for registered motor vehicle operators' and chauffeurs' licenses. S.342 would repeal such increase and if enacted would have the effect of excusing those operators and chauffeurs whose fees did not fall due in 1960 from paying the increased fee which was required of those whose license fees fell due since July 1, 1960. For this reason section 2 of the bill provides that each such licensee shall be given a refund of the amount of the increase exacted from him by chap. 63. The purpose of this provision would appear to be to establish equality of treatment for all licensees.

On the face of it this appears to be an equitable provision and one concerning which ordinarily there would be no question of the general assembly's power to enact by a mere majority vote of a quorum of each house. However, a difficulty arises because to accomplish the result intended it is necessary to appropriate money from the general treasury, and consequently if such an appropriation is not for a public but for a private purpose it requires the assent of two thirds of the members elected to each house of the general assembly by virtue of the express provisions of article IV, sec. 14, of the state constitution. And so the question arises whether the proposed appropriation and disbursements thereunder as provided by secs. 2, 3 and 4 of the bill are for a private purpose.

We are clearly of the opinion that they are and that if

such provisions are to be validly binding upon the general treasurer to make the individual disbursements provided thereunder the record should show that the bill was passed by the constitutionally prescribed vote in each house.

Our reasons for this view may be briefly stated. All moneys received from operators' and chauffeurs' license and renewal fees and paid into the general treasury thereby become part of the state's general fund which has its source in the exercise by the general assembly of its plenary power of taxation. It is generally recognized that the exercise of such power is valid only to provide revenue for public purposes. While there is a cleavage of judicial opinion as to whether license fees are taxes in the strict sense, nevertheless they are in our opinion, when received into the general treasury, part and parcel of the public funds derived from taxation. As such they may not be appropriated out of the treasury for a private purpose except in accordance with the constitutional requirements of art. IV, sec. 14.

By virtue of P. L. 1960, chap. 63, all operators and chauffeurs whose license fees fell due after July 1, 1960 were lawfully required to pay the increased fee provided by such chapter. If in its wisdom the general assembly now declares that such increase shall no longer be exacted, of course it may validly do so even though the effect of its action may result in an inequity to those who have paid the increased fee. However, the existence of such inequity and the legislative desire to correct it by secs. 2, 3 and 4 of S.342 do not constitute the proposed refund an appropriation for a public purpose. On the contrary the purpose is purely gratuitous and in no sense in the nature of a lawful reimbursement of a license fee illegally imposed. Commendable as such purpose may be it is solely for the direct benefit of each licensee and is not of any benefit, direct or indirect, to the public

Incidentally we may observe here that this would appear to be such a private purpose as the framers of the constitu-

tion could very well have had in mind in authorizing the general assembly by a two-thirds vote of the members elected to each house to make a lawful appropriation therefor. In any event, whether there will be a resulting inequity if S.342 is enacted without secs. 2, 3 and 4 thereof may be decided only by such a constitutional majority. If the bill is passed by a less majority such sections would be invalid but section 1 would be valid. *In re House of Representatives,* 45 R. I. 289.

FRANCIS B. CONDON
THOMAS H. ROBERTS
THOMAS J. PAOLINO
WILLIAM E. POWERS
G. FREDERICK FROST